UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18–cv-81589-MIDDLEBROOKS/BRANNON

HOMEAWAY.COM, INC.,

    Plaintiff

vs.

PALM BEACH COUNTY,

    Defendant.
_____/

AIRBNB, INC.,

    Plaintiff

vs.

PALM BEACH COUNTY,

    Defendant.
_____/

**STIPULATION OF DISMISSAL AND SETTLEMENT**

    WHEREAS, on November 30, 2018, and November 16, 2018, Plaintiffs Airbnb, Inc. ("Airbnb") and HomeAway.com, Inc. ("HomeAway") (collectively, "Plaintiffs" and together with their parents, affiliates and subsidiaries, the "Platforms") respectively filed lawsuits against Palm Beach County (the "County") challenging Sections 17-117(C)(2), (3), (5), and (6) of Palm Beach County Ordinance No. 2018-024 (the "Ordinance") as violating the United States Constitution and

1

the Florida State Constitution, and federal and state law, and seeking to preliminarily and permanently enjoin the County from enforcing the Ordinance against the Platforms;

WHEREAS, the cases were consolidated on February 5, 2019 (DE 46);

WHEREAS, on February 27, 2019, the County moved to stay these consolidated proceedings to provide it with an opportunity to present proposed amendments to the Ordinance to the Palm Beach County Board of County Commissioners for its consideration (DE 57);

WHEREAS, on February 28, 2019, the Court granted the County's Motion to Stay the action pending completion of the amendment process (DE 58);

WHEREAS, on June 18, 2019, the Palm Beach County Board of County Commissioners conducted a second reading of and approved the proposed amended ordinance (the "Amended Ordinance"), a true and correct copy of which is attached hereto as Exhibit 1, and Section 9 of the Amended Ordinance provides that it shall become effective forty-five (45) days after filing with the Department of State, and the Amended Ordinance was filed with the Department of State on June 21, 2019;

WHEREAS, the Amended Ordinance removed challenged Sections 17-117(C)(2) and (3) of the Ordinance;

WHEREAS, challenged Sections 17-117(C)(5) and (6) of the Ordinance remain in the Amended Ordinance, which are now Sections 17-117(C)(3) and (4) of the Amended Ordinance;

WHEREAS, the parties have been in discussions regarding an acceptable method of Platform compliance with Sections 17-117(C)(3) and (4) of the Amended Ordinance;

NOW, THEREFORE, the parties hereto stipulate and agree as follows with respect to the interpretation and enforcement of the Amended Ordinance:

1. Pursuant to Sections 17-117(C)(3) and (4) of the Amended Ordinance, the Platforms shall include fields in the listing process that require hosts to input a County issued

2

business tax receipt number ("BTR") and tourist development tax number ("TDT") for listings for Short Term Rentals, as that term is defined in the Amended Ordinance (*see* Section 17-117(B)), in the County.  The Platforms shall display the user-inputted BTR and TDT numbers on the listings.  The Platforms' displaying of user-inputted County BTR and TDT numbers pursuant to Sections 17-117(C)(3) and (4) of the Amended Ordinance shall commence by September 3, 2019 for new listings and by November 1, 2019 for existing listings, and between now and November 1, 2019, the Platforms will engage in ongoing efforts to educate and communicate with their users in the County about the Amended Ordinance's requirements.  Listings existing on the Platforms prior to the date of this stipulation shall be notified by the Platforms that listings without user inputted BTR and TDT numbers will be delisted by the Platforms on November 1, 2019 until such time as the listing has been amended to include the required County BTR and TDT numbers.

        2. Pursuant to Sections 17-117(C)(3) and (4) of the Amended Ordinance, beginning on November 7, 2019, the Platforms will provide the Tax Collector, on a bi-weekly basis (defined as every other week), by File Transfer Protocol ("FTP") a list of all Palm Beach County Short Term Rental listings on its platform with the following information:  (1) the Uniform Resource Locator ("URL") for each listing; and (2) the user-inputted County BTR number and TDT number on each listing (the "Bi-Weekly Listing Report").

        3. Starting the week after the Tax Collector receives the first Bi-Weekly Listing Report, the Tax Collector will notify the Platforms of any listings that the Tax Collector has determined are ineligible for registration.  The Tax Collector will, when it has identified such listings, provide the Platforms with a spreadsheet including the following information: (1) the URL for each listing; (2) which type of account(s) are ineligible (i.e., BTR and/or TDT account(s)); and (3) one of the following codes indicating the basis for the listing ineligibility: (a) the listing lacks

a valid BTR number and/or TDT number; (b) the listing has an expired BTR number and/or TDT number; or (c) the listing has had its BTR number and/or TDT number revoked (the "Tax Collector Notification"). The Tax Collector will not send more than one Tax Collector Notification in any given week.

4. The Tax Collector may send any official communication, including Tax Collector Notifications, via email to the Platforms at the following email addresses: palm-beach-county-registration-notices@airbnb.com for Airbnb, and PalmBeachCountySupport@expedia.com for HomeAway.

5. Following the Platforms' receipt of a Tax Collector Notification, the Platforms shall deactivate by close of business on the third business day following the notification, all listings identified in the Tax Collector Notification as ineligible for registration unless the Platforms determine that the listing has come into compliance by the close of the third business day following the Tax Collector Notification.

6. The Platforms, and their officers, directors, employees, and agents, shall be deemed to be in compliance with Sections 17-117(C)(3) and (4) of the Amended Ordinance as long as the requirements set forth above are satisfied. The Tax Collector will not enforce or otherwise seek to impose penalties against the Platforms under Sections 17-117(C)(3) and (4) of the Amended Ordinance unless the Platforms fail to comply with these requirements.

7. The Tax Collector shall not enforce the Ordinance (which has been superseded by the Amended Ordinance) or Sections 17-117(C)(3) and (4) of the Amended Ordinance against the Platforms, including through the retroactive imposition of penalties, and only on a prospective basis to the extent the Platforms are not acting in accordance with this stipulation and settlement, from November 1, 2019 forward. This limitation to enforcing the Amended Ordinance against the

Platforms has no application whatsoever to the enforcement of the Amended Ordinance against any other person or entity, including Hosts.

8. Either party shall have the opportunity to withdraw from this stipulation if there are: 1) any material changes to any County, municipal, state, or federal law regarding the substance of this stipulation, or 2) any substantive court decisions clarifying obligations and responsibilities regarding tax collection and/or the Short Term Rental industry such that the stipulation is inconsistent with the controlling case law. In such case the party desiring to withdraw shall provide all other parties with a 60-day notice of its intent to withdraw and include citation to the law or court case applicable. A party's withdrawal shall be effective after 60 days following the notice of its intent to withdraw has been provided to all other parties.

9. The Platforms hereby agree to dismiss this action against the County with prejudice, subject to the following conditions: (1) that such dismissal is only with respect to the challenged provisions of the Ordinance in this litigation and does not affect provisions beyond the interpretation and enforcement of Sections 17-117(C)(3) and (4) of the Amended Ordinance, or the pending state law cases *Anne Gannon, In her Capacity as Palm Beach County Tax Collector, on behalf of Palm Beach County v. Airbnb, Inc., et al.*, Case No. 2014 CA000428 MBAO (which is on appeal to the Fourth District Court of Appeal) and *Airbnb, Inc, v. Palm Beach County*, Case No. 502019CA010092XXXXMBAO; and (2) if the Tax Collector were to materially and detrimentally interpret or enforce Sections 17-117(C)(3) and (4) of the Amended Ordinance as to the Platforms in a manner that is inconsistent with the Parties' agreement as set forth herein, such dismissal shall be without prejudice and the Platforms shall have the ability to challenge Sections 17-117(C)(3) and (4) of the Amended Ordinance.

10. Each party shall bear its own attorney's fees and costs, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Dated: September 16, 2019

Respectfully submitted,

PALM BEACH COUNTY,
By its attorneys,

/s/ Andrew Pelino
ANDREW PELINO (Fla. Bar No. 882410)
apelino@pbcgov.org
KIM PHAN (Fla. Bar No. 026781)
kphan@pbcgov.org
Attorneys for Palm Beach County
Litigation Section
300 North Dixie Highway, Third Floor West Palm Beach, Florida 33401
Tel.: (561) 355-2529
Fax: (561) 355-4234


AIRBNB, INC.,

By its attorneys,

/s/ David M. Buckner
DAVID M. BUCKNER (Fla. Bar No. 60550)
david@bucknermiles.com
BUCKNER + MILES
3350 Mary Street
Miami, FL 33133
Tel: (305) 964-8003
Fax: (786) 523-0485

JONATHAN H. BLAVIN (*Pro hac vice*)
jonathan.blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-4000
Tel: (415) 512-4000
Fax: (415) 512-4077

HOMEAWAY.COM, INC.,
By its attorneys,

/s/ Deana D. Falce
JOHN K. SHUBIN (Fla. Bar No. 771899)
jshubin@shubinbass.com
JUAN J. FARACH (Fla. Bar No. 957704)
jfarach@shubinbass.com
DEANA D. FALCE (Fla. Bar No. 84154)
dfalce@shubinbass.com
eservice@shubinbass.com
SHUBIN & BASS, P.A.
46 SW First Street, Third Floor
Miami, Florida 33130
Tel: (305) 381-6060
Fax: (305) 381-9457

KRISTIN A. LINSLEY (*Pro hac vice*)
klinsley@gibsondunn.com
JOSHUA D. DICK (*Pro hac vice*)
jdick@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94150
Tel: (415) 393-8200
Fax: (415) 393-8306

SO ORDERED:

_____
The Honorable Donald M. Middlebrooks
United States District Judge